UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHARLOTTE M. ARMSTRONG, </br></br> Plaintiff, </br></br> vs. </br></br> COMMISSIONER OF SOCIAL SECURITY, </br></br> Defendant. | Case No.: 1:13-CV-00895-SAB </br></br> ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

Plaintiff Charlotte M. Armstrong filed this action challenging the denial of Supplemental Security Income benefits on June 13, 2013. (ECF No. 1.) Plaintiff's opening brief was to be filed on or before June 23, 2014. (ECF No. 13.) After Plaintiff failed to file her opening brief, the Court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 15.) Plaintiff was ordered to file a response within thirty days of June 26, 2014. Plaintiff has not filed a timely response or otherwise responded to the Court's order.[1]

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to

---

[1] The parties have consented to the jurisdiction of the magistrate judge. (ECF Nos. 7, 10.)

1

control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an opening brief by June 23, 2014 and a response to the order to show cause within thirty days of June 26, 2014. Plaintiff has not complied with nor otherwise responded to the Court's orders. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The order to show cause specifically ordered Plaintiff to show cause why this action should not be dismissed for her failure to comply with the scheduling order. Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders.

Accordingly, it is HEREBY ORDERED that this action is DISMISSED for Plaintiff's failure to prosecute. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **August 1, 2014**

UNITED STATES MAGISTRATE JUDGE